IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES E. DUFFY, SR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 21-1418-RGA |
| | : | |
| TRUMAN MEARS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : : : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

**I.     BACKGROUND**

On July 8, 1985, Petitioner pled guilty to one count of first degree rape.  *See Duffy v. State*, 513 A.2d 1318 (Table), 1986 WL 17363, at *1 (Del. July 31, 1986).  The Delaware Superior Court sentenced him to a natural life term of imprisonment, with the first twenty years being mandatory.  *Id*.  Petitioner filed a motion to dismiss his guilty plea, which the Superior Court denied.  *See Duffy v. State*, 536 A.2d 615 (Table), 1987 WL 31556, at *1 (Del. Dec. 21, 1987).  The Delaware Supreme Court affirmed that decision.  *Id*. at *3.

On August 18, 1986, Petitioner filed in this Court a petition for federal habeas relief, asserting: (1) defense counsel provided ineffective assistance; (2) his guilty plea was involuntary; (3) his conviction was obtained by using a coerced confession; and (4) his conviction was obtained by using evidence that was unlawfully seized.  *See Duffy v. Mears*, 2020 WL 5258435, at *1 (D. Del. Sept. 3, 2020).  On March 3, 1987, the Court denied the petition as meritless.  *See id*.  The Third Circuit denied a certificate of probable cause for Petitioner's appeal on April 17, 1987, and later denied Petitioner's sur-petition for rehearing on May 8, 1987.  *See id*.

Thereafter, Petitioner filed numerous unsuccessful postconviction motions in the Delaware state courts. *See, e.g., Duffy v. State*, 53 A.3d 301 (Table), 2012 WL 4019037, at *1 (Del. Sept. 12, 2012). Petitioner filed another federal habeas petition in April 2019, which asserted the following five grounds for relief: (1) his natural life sentence is unconstitutional and illegal, and constitutes cruel and unusual punishment; (2) defense counsel provided ineffective assistance during the original criminal proceeding; (3) his guilty plea was coerced and involuntary; (4) he was erroneously informed that he was being sentenced to a life sentence defined as a fixed 45 years with the first 20 years mandatory, not natural life; and (5) legislation passed by the Delaware General Assembly in 2016 amending 11 Del. Code § 4214, along with the decision in *Rauf v. State*, 145 A.3d 430 (Del. 2016), supports his argument that his natural life sentence is unconstitutional, and he should be sentenced to time-served. *See Duffy*, 2020 WL 5258435, at *2. The Court dismissed Petitioner's 2019 as second or successive and, alternatively, as time-barred. *See id.* at *2-5.

In October 2021, Petitioner filed the habeas Petition presently pending before the Court, asking the Court to sentence him to "time served" for his 1985 Delaware conviction for rape. (D.I. 1 at 1) He contends that his 37-year-old sentence for natural life is unconstitutional because it constitutes a capital sentence for a non-capital offense (D.I. 3 at 5), and he argues that the Delaware Supreme Court erroneously denied his petition for writ of certiorari that challenged his life sentence for his 1985 rape conviction on the same ground. *See Matter of Duffy*, 251 A.3d 661 (Table), 2021 WL 1733296, at *1-2 (Del. Apr. 30, 2021).

## II.     LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254. A petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff,* 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III.    DISCUSSION

The record in this case reveals that Petitioner's first federal habeas petition was settled on the merits, the instant Petition challenges the same 1985 conviction that was challenged in his first petition, and Petitioner's current argument that his "natural life" sentence is unconstitutional could have been asserted in his first petition. *See Benchoff*, 404 F.3d at 817-18. As a result, the Court concludes that the instant Petition constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Petitioner does not allege, and the record does not indicate, that the Court of Appeals for the Third Circuit authorized the filing of the instant Petition. Further, it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139.

### IV.     CONCLUSION

For the reasons set forth above, the Court will summarily dismiss this unauthorized second or successive Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

A separate Order will be entered.

April 20, 2022                                                  /s/ Richard G. Andrews
                                                                         UNITED STATES DISTRICT JUDGE